IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LUIS CARLOS HUNTE,

        Plaintiff,

v.

LINDA R. DAILEY SMITH,
SCHNEIDER NATIONAL
CARRIERS, INC., INS
INSURANCE, INC., and JOHN
DOES 1-5,

        Defendants.

1:13-cv-2069-WSD

## ORDER

This matter is before the Court on Plaintiff Luis Carlos Hunte ("Plaintiff")'s Motion to Add a Party [6] and Supplemental Motion to Add a Party and to Amend Complaint [24].

### I. BACKGROUND

On May 17, 2013, Plaintiff filed his Complaint in DeKalb County State Court, asserting tort claims against Defendants Linda R. Dailey Smith ("Smith"), Schneider National Carriers, Inc. ("SNCI"), INS Insurance, Inc. ("INS"), and John Does 1-5 (collectively, "Defendants") stemming from an August 6, 2011 collision.

On June 20, 2013, Defendants removed to federal court and answered the Complaint.  On July 9, 2013, the Court granted Plaintiff's motion to amend his Complaint to correct misnomers and Plaintiff filed his Amended Complaint that day.  On July 23, 2013, Defendants filed individual Answers to the Amended Complaint.

On July 9, 2013, Plaintiff moved to amend to name Liberty Mutual Fire Insurance Company ("Liberty Mutual") as an additional defendant.  Plaintiff states that since filing his Complaint, he learned from Defendants' counsel that Liberty Mutual provided an insurance policy to SNCI and, therefore, is subject to direct action under O.C.G.A. § 40-2-140(c)(4).  Defendants dispute that Liberty Mutual is subject to direct action, but concede that the issue is appropriately resolved on a motion for summary judgment.

On July 25, 2013, Plaintiff filed his supplemental motion to amend to name Try God, Inc. ("Try God") as a defendant in this action.  Plaintiff states that on July 17, 2013, Defendants' counsel produced to Plaintiff an independent contractor agreement executed by SNCI and by Smith on behalf of Try God, Inc.  Under the terms of the agreement, Smith, as a shareholder of Try God, leased her tractor-trailer equipment to SNCI for use in transporting freight.  Plaintiff contends that Defendants have "reversed their position with regard to the employment status of

Defendant Smith," arguing that Smith was an independent contractor of SNCI and not an employee. In light of this development, Plaintiff requests leave to name Try God as a defendant and to assert additional theories of liability, including logo liability, lease liability, and strict vicarious liability. Plaintiff also seeks to add a claim for punitive damages. Defendants do not oppose Plaintiff's motion to name Try God, but oppose Plaintiff's request to assert additional theories of liability. Defendants contend Plaintiff has not alleged facts to support a claim for punitive damages and the additional claims Plaintiff seeks to add would be futile.

## II.   DISCUSSION

### A.   Motion to Amend

Rule 15(a) of the Federal Rules of Civil Procedure provides that, twenty-one days after a defendant has filed its answer, the plaintiff may amend its complaint "only with the opposing party's written consent or the court's leave." The Rule provides that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'"

Foman v. Davis, 371 U.S. 178, 182 (1962).

    B.    Analysis

Plaintiff's request for leave to amend his Complaint to add Try God as a defendant in this action is unopposed. In the absence of any "apparent or declared reason" to deny Plaintiff's motion, it is granted. Foman, 371 U.S. at 182.

The parties dispute whether Plaintiff's direct action claims against INS, and Plaintiff's proposed direct action claim against Liberty Mutual, brought under O.C.G.A. § 40-2-140(c)(4), are viable. Defendants concede that the resolution of these issues requires the consideration of evidence that is not before the Court. The Court concludes that Plaintiff's motion to amend to name Liberty Mutual as a defendant is due to be granted.

Defendants argue that Plaintiff's proposed claim for punitive damages is unsupported because, under Georgia law, punitive damages may be awarded in tort cases only

> in which it is proven by clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences.

O.C.G.A. § 51-12-5.1(b). Plaintiff responds that discovery has already produced evidence that Smith engaged in a pattern of dangerous driving and that SNCI had actual knowledge of numerous violations on Smith's driving record. Plaintiff

4

further argues that discovery is still ongoing and that it is premature to determine that Plaintiff's proposed claim for punitive damages is futile.  The Court agrees, and concludes that Plaintiff is permitted to amend his Complaint to include a claim for punitive damages.

Defendants' argument that Plaintiff's proposed additional claims are futile is premised upon an assumption that Plaintiff does not assert a claim for punitive damages.  Because the Court permits Plaintiff to assert that claim, Defendants futility arguments are moot.  Accordingly, Plaintiff's motion to amend to assert additional theories of liability is granted.

### III.  CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff Luis Carlos Hunte's Motion to Add a Party [6] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff Luis Carlos Hunte's Supplemental Motion to Add a Party and to Amend Complaint [24] is **GRANTED**.  Plaintiff shall file his Second Amended Complaint on or before November 27, 2013.

**SO ORDERED** this 18th day of November 2013.

*/s/ William S. Duffey*
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE